IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>        Plaintiff,<br>   v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>        Defendant.<br>                            / | No. C 04-4250 SI<br><br>**ORDER AWARDING ATTORNEY FEES AND COSTS** |

The Freedom of Information Act ("FOIA") permits the court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(4)(E). In this action, plaintiff American Small Business League substantially prevailed in its request for a document under FOIA and, on that account, seeks the award of fees and costs.

Defendant does not dispute that plaintiff substantially prevailed. It does, however, urge the Court either to exercise it discretion to deny fees because the government's withholding of the draft report had a reasonable basis in law, or to substantially reduce the amount of fees to be awarded. (Deft's Oppo. at 2.) The Court does not find it appropriate to deny fees, but will reduce the amount requested based on its analysis of the billing information submitted by plaintiff.[1]

Defendant objects to payment of fees for time spent on plaintiff's motion to set aside the dismissal, on plaintiff's motion for attorneys' fees, on plaintiff's second motion for <u>Vaughn</u> index and on dealings with the press and press releases.

---

[1] The Court has reviewed the Supplemental Declaration of Robert E. Belshaw, Esq. in Support of Motion for Attorneys Fees, docket #53, together with the copies of billing invoices attached to it, in evaluating the fee request. References in this order to time spent or work done are taken from those documents.

The Court finds that, for the most part, plaintiff's counsel spent their time wisely and reasonably in pursuing their client's interests in this case. Plaintiff's counsel were caused to spend some additional hours by defendant's request for additional briefing and a second hearing on the question of production of the document, after the April 1, 2005 hearing on the same question, and plaintiff should be fully compensated for this.

However, the Court agrees that certain matters should not be compensated at all, and certain should be only partly compensated. The Court agrees that the time spent on the motion to set aside the dismissal was not reasonably expended, and should not be reimbursed. Based on the invoices submitted, this amounts to approximately $5,150, which will not be awarded. The Court rejects defendant's contention that no fees should be awarded for the time spent on the fee petition. However, the Court also finds that excessive time was spent on thinking about, researching and drafting the fee award. The records reflect almost $15,000 spent on the fee motion, much of it unnecessary. The Court will reduce this amount by one-half, or $7,500. The Court rejects defendant's argument that no fees should be awarded for the second <u>Vaughn</u> motion. The Court agrees that time spent merely on press releases or responding to press phone calls should not be compensated. The records are murky on this matter, but appear to include $55 on 10/06/04, $55 on 11/15/04, $27.50 on 11/16/04, $90 on 2/08/05, and some amount on 6/17/05. The requested fees will be reduced by $250 to compensate for these entries. Finally, at the oral argument plaintiff's counsel conceded that the $2,000 "courtesy discount" issued on 3/07/05 should be reflected in the fee award, reducing it by $2,000.

In his Supplemental Declaration,[2] plaintiff's counsel states that he has "recalculated" the fees and costs, and requests the award of $71,124.12 in "fees and costs." In his Second Supplemental Declaration,[3] he states that costs and expenses incurred were "negligible," and itemizes them at $1876.06.[4] By process of elimination, this must mean that plaintiff seeks $69,248.06 in fees.

As to the costs, the Court finds that the $1660.83 in "Westlaw legal research costs" should properly

---

[2] Plaintiff's Supplemental Declaration was not filed until August 24, 2005, just two days before the hearing on this motion and well after defendant's opposition papers were filed. Hence, defendant had no meaningful opportunity to respond to these invoices prior to the hearing.

[3] Plaintiff's Second Supplemental Declaration was filed August 25, 2005, one day before the hearing.

[4] The Court does not find $1876.06 to be negligible.

2

be treated as overhead, not costs,[5] so compensable costs will be reduced by that amount to $215.23.

As to the $69,248.06 in requested fees, they will be reduced by $14,900.06 ($5,150 for the motion to set aside, $7,500 for the excess time spent on the fee motion, $250 for time spent with the press, $2,000 for the "courtesy discount," and $.06 on principle). This produces a fee award of $54,348, which the Court finds to be reasonable in this matter.

Accordingly, plaintiff is awarded $54,348 in attorneys fees and $215.23 in costs.

**IT IS SO ORDERED**.

Dated: September 9, 2005

                                                                   _____SUSAN ILLSTON
United States District Judge

---

[5] There was no serious challenge to the $300 per hour billing rate for Mr. Belshaw, or the $130 and $120 per hour billing rates for contract attorney Cottingham and contract paralegal Schuster, respectively.

3

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>　　　　Plaintiff,<br>　v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C 04-4250 SI<br><br>**ORDER AWARDING ATTORNEY FEES AND COSTS** |

　　　　The Freedom of Information Act ("FOIA") permits the court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(4)(E). In this action, plaintiff American Small Business League substantially prevailed in its request for a document under FOIA and, on that account, seeks the award of fees and costs.

　　　　Defendant does not dispute that plaintiff substantially prevailed. It does, however, urge the Court either to exercise it discretion to deny fees because the government's withholding of the draft report had a reasonable basis in law, or to substantially reduce the amount of fees to be awarded. (Deft's Oppo. at 2.) The Court does not find it appropriate to deny fees, but will reduce the amount requested based on its analysis of the billing information submitted by plaintiff.[1]

　　　　Defendant objects to payment of fees for time spent on plaintiff's motion to set aside the dismissal, on plaintiff's motion for attorneys' fees, on plaintiff's second motion for Vaughn index and on dealings with the press and press releases.

---

[1] The Court has reviewed the Supplemental Declaration of Robert E. Belshaw, Esq. in Support of Motion for Attorneys Fees, docket #53, together with the copies of billing invoices attached to it, in evaluating the fee request. References in this order to time spent or work done are taken from those documents.

The Court finds that, for the most part, plaintiff's counsel spent their time wisely and reasonably in pursuing their client's interests in this case. Plaintiff's counsel were caused to spend some additional hours by defendant's request for additional briefing and a second hearing on the question of production of the document, after the April 1, 2005 hearing on the same question, and plaintiff should be fully compensated for this.

However, the Court agrees that certain matters should not be compensated at all, and certain should be only partly compensated. The Court agrees that the time spent on the motion to set aside the dismissal was not reasonably expended, and should not be reimbursed. Based on the invoices submitted, this amounts to approximately $5,150, which will not be awarded. The Court rejects defendant's contention that no fees should be awarded for the time spent on the fee petition. However, the Court also finds that excessive time was spent on thinking about, researching and drafting the fee award. The records reflect almost $15,000 spent on the fee motion, much of it unnecessary. The Court will reduce this amount by one-half, or $7,500. The Court rejects defendant's argument that no fees should be awarded for the second Vaughn motion. The Court agrees that time spent merely on press releases or responding to press phone calls should not be compensated. The records are murky on this matter, but appear to include $55 on 10/06/04, $55 on 11/15/04, $27.50 on 11/16/04, $90 on 2/08/05, and some amount on 6/17/05. The requested fees will be reduced by $250 to compensate for these entries. Finally, at the oral argument plaintiff's counsel conceded that the $2,000 "courtesy discount" issued on 3/07/05 should be reflected in the fee award, reducing it by $2,000.

In his Supplemental Declaration,[2] plaintiff's counsel states that he has "recalculated" the fees and costs, and requests the award of $71,124.12 in "fees and costs." In his Second Supplemental Declaration,[3] he states that costs and expenses incurred were "negligible," and itemizes them at $1876.06.[4] By process of elimination, this must mean that plaintiff seeks $69,248.06 in fees.

As to the costs, the Court finds that the $1660.83 in "Westlaw legal research costs" should properly

---

[2] Plaintiff's Supplemental Declaration was not filed until August 24, 2005, just two days before the hearing on this motion and well after defendant's opposition papers were filed. Hence, defendant had no meaningful opportunity to respond to these invoices prior to the hearing.

[3] Plaintiff's Second Supplemental Declaration was filed August 25, 2005, one day before the hearing.

[4] The Court does not find $1876.06 to be negligible.

2

be treated as overhead, not costs,[5] so compensable costs will be reduced by that amount to $215.23.

As to the $69,248.06 in requested fees, they will be reduced by $14,900.06 ($5,150 for the motion to set aside, $7,500 for the excess time spent on the fee motion, $250 for time spent with the press, $2,000 for the "courtesy discount," and $.06 on principle). This produces a fee award of $54,348, which the Court finds to be reasonable in this matter.

Accordingly, plaintiff is awarded $54,348 in attorneys fees and $215.23 in costs.

**IT IS SO ORDERED**.

Dated: September 9, 2005

                                                                                     _____SUSAN ILLSTON
United States District Judge

---

[5] There was no serious challenge to the $300 per hour billing rate for Mr. Belshaw, or the $130 and $120 per hour billing rates for contract attorney Cottingham and contract paralegal Schuster, respectively.

3